IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARLON R. MILLER, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:13-CR-00130-SCJ-RDC-3 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|    Respondent. | : | 1:21-CV-01307-SCJ-RDC |

### ORDER AND FINAL REPORT AND RECOMMENDATION

Movant Marlon R. Miller, confined at Federal Correctional Institution Yazoo City Low in Yazoo City, Mississippi, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 359.) Respondent filed a response in opposition to the motion. (Doc. 365.) For good cause shown, Movant's motion to file his amended memorandum under seal (Doc. 374) is **GRANTED**.

For the reasons stated below, it is **RECOMMENDED** that the instant motion to vacate (Doc. 359) be **DENIED**.

**I.   BACKGROUND**

In 2016, pursuant to a jury trial, Movant was convicted of conspiracy to possess with intent to distribute 1 kilogram or more of heroin (Count 1), in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(i), 851; attempting to possess with intent to distribute 1 kilogram or more of heroin (Count 2), in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(i), 851; and possession with intent to distribute 100 grams or

more of heroin (Count 3), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(i), 851, and he was sentenced to a total active term of 240 months of imprisonment. (Doc. 301.) On direct appeal, Movant raised the following claims:

(1) The Court erred in sealing certain documents related to a joint internal investigation by the Drug Enforcement Administration ("DEA") and Department of Justice, in violation of Movant's right to a public trial under the First and Sixth Amendments and the common-law right of access;

(2) The Court's sealing order prevented Movant from presenting a complete defense; and

(3) The Court erred in stating that the Government may be permitted to introduce rebuttal evidence related to a confidential informant's work for the DEA after his arrest.

*United States v. Miller*, 775 F. App'x 974, 976 (11th Cir. 2019). The Eleventh Circuit affirmed Movant's conviction and sentence. *Miller*, 775 F. App'x 974.

Movant subsequently filed the instant § 2255 motion raising the following claims:

(1) Movant received ineffective assistance of trial counsel when counsel failed to demand a suppression hearing after the Government reneged on its promise to self-suppress evidence;

(2) Movant received ineffective assistance of trial counsel when counsel failed to argue that the evidence revealed by the search warrant discussed in Claim 1 was irrelevant and inadmissible, and when she failed to secure a ruling on the admissibility of the evidence;

(3) Movant received ineffective assistance of trial counsel when counsel failed to present evidence related to the confidential

>    informant's work with the DEA, in support of Movant's entrapment defense; and
>
> (4) The confluence of events involving a DEA informant and the suppression of details related to the informant's activities rendered Movant unable to present a full defense to the charges, which rendered his trial fundamentally unfair and violated Movant's due process rights.

(Doc. 359 at 5–9; Doc. 373 at 11–17.)

## II.   DISCUSSION

### A.   Claim 1

To prevail on a claim of ineffective assistance of counsel, a prisoner must meet a two-part test established by *Strickland v. Washington*, 466 U.S. 668 (1984). First, he must show that "counsel's performance was deficient." *Khan v. United States*, 928 F.3d 1264, 1272 (11th Cir. 2019). Counsel's performance is deficient only if it falls "below an objective standard of reasonableness." *Id.* (internal quotation marks omitted). "There is a strong presumption that counsel's conduct fell within the range of reasonable professional assistance, and, therefore, counsel's performance is deficient only if it falls below the wide range of competence demanded of lawyers in criminal cases." *Osley v. United States*, 751 F.3d 1214, 1222 (11th Cir. 2014); *see also Michael v. Crosby*, 430 F.3d 1310, 1320 (11th Cir. 2005) ("There is a strong presumption that counsel's performance was reasonable and adequate, with great deference being shown to choices dictated by reasonable strategy."). Second, a prisoner must show that he suffered prejudice as a result of

3

counsel's deficient performance. *Id.* To establish prejudice, a prisoner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (internal quotation marks omitted). A court need not address both prongs if a prisoner makes an insufficient showing on one. *Id.*

In Claim 1, Movant argues that he received ineffective assistance of trial counsel when counsel failed to demand a suppression hearing after the Government reneged on its promise to self-suppress evidence. (Doc. 373 at 11–12.) In particular, he argues that although the Government agreed to suppress any evidence of Movant's drug activities from a confidential informant after an investigation revealed that a DEA supervisor had an improper relationship with the informant, the Government subsequently attempted to introduce this evidence, and counsel should have tried to seek a suppression hearing. (*Id.* at 12.)

However, the Eleventh Circuit already ruled on the underlying issue in Claim 1. "It is long settled that a prisoner is procedurally barred from raising arguments in a motion to vacate his sentence that he already raised and that [the appellate court] rejected in his direct appeal." *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014) (citation and internal quotation marks omitted); *accord United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) ("Once a matter has

4

been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." (brackets and internal quotation marks omitted)).

On appeal, Movant argued that the Government promised not to introduce evidence revealed by the informant, but subsequently reneged on that promise when Movant sought to pursue an entrapment defense, and the Court erred in allowing the Government the ability to present the self-suppressed evidence if Movant opened the door by eliciting testimony regarding the confidential informant's work for the DEA after Movant's arrest. (Doc. 365-1 at 55–61.) In rejecting this ground on direct appeal, the Eleventh Circuit ruled that the Court correctly determined that the Government could introduce evidence from the informant if Movant opened the door by pursuing an entrapment defense. *Miller*, 775 F. App'x 978. The court further stated, "Because the evidence was pertinent to the informant's work for the DEA after Miller's arrest, the district court did not commit plain error in giving Miller such a warning or in deferring the issue of the admissibility of the government's rebuttal evidence for trial." *Id.*

In his § 2255 motion, Movant essentially makes the same argument as he did on direct appeal, except that rather than claiming that the Court erred, he now argues that counsel erred. (*Compare* Doc. 373 at 12 ("Here, counsel was ineffective under the *Strickland* framework when she failed to re-assert the previously-filed

5

motion to suppress after she learned that the government had reneged on its promise to suppress the evidence"), *with* Doc. 365-1 at 28 ("Finally, the court erred by allowing the government to renege on its promise to self-suppress various pieces of evidence and to threaten to present that evidence at trial.").) Consequently, Movant's attempt to relitigate an issue already decided by the Eleventh Circuit is procedurally barred. *See Stoufflet*, 757 F.3d at 1239; *Nyhuis*, 211 F.3d at 1343.

Furthermore, even if Movant's argument in Claim 1 can be read to be separate from his argument on Ground 3 on direct appeal, Movant would not be entitled to relief. In particular, Movant implies that the Court might have prevented the Government from reneging on its promise not to introduce the self-suppressed evidence from the informant had counsel not been ineffective. (Doc. 373 at 12.) But as the Eleventh Circuit ruled, the Court did not err in deciding that the Government could introduce the evidence if Movant opened the door to it. *Miller*, 775 F. App'x 978. Having counsel seek a suppression hearing would not have changed the outcome, and "an attorney will not be held to have performed deficiently for failing to perform a futile act, one that would not have gotten his client any relief." *Pinkney v. Sec'y, DOC*, 876 F.3d 1290, 1297 (11th Cir. 2017). Thus, counsel would not have been ineffective for failing to seek a suppression hearing.

*See Khan*, 928 F.3d at 1272. As a result, Movant is not entitled to federal habeas relief as to this claim.

    B.    *Claim 2*

In Claim 2, Movant argues that he received ineffective assistance of trial counsel when counsel failed to argue that the evidence revealed by the search warrant discussed in Claim 1 was irrelevant and inadmissible, and when she failed to secure a ruling on the admissibility of the evidence. (Doc. 373 at 12–14.) According to Movant, had counsel challenged the admissibility of the evidence from the confidential informant, the Court would have ruled that the evidence was irrelevant and inadmissible, and counsel would have been able to raise the informant's work for the DEA without fear that the Government could introduce evidence revealed by the informant. (*Id.* at 13–14.)

As with the central issue in Claim 1, however, Movant has already litigated this issue. Movant filed a motion in limine to exclude the evidence revealed by the informant. (Doc. 259.) In ruling on the motion, the Court prohibited the Government from introducing evidence revealed by the informant in its case-in-chief, but deferred ruling on whether the Government could present the evidence on rebuttal until trial, depending on whether Movant pursued an entrapment defense. (Doc. 265 at 3–4.) On direct appeal, as noted above, the Eleventh Circuit held that this Court did not plainly err "in deferring the issue of the admissibility

7

of the government's rebuttal evidence for trial." *Miller*, 775 F. App'x 978. As with Claim 1, Movant's contentions in Claim 2 consist of arguments previously raised on appeal, except that he now accuses counsel rather than the Court of acting improperly. Movant may not relitigate this issue in a § 2255 motion simply by repackaging his arguments with a new label. *See Stoufflet*, 757 F.3d at 1239; *Nyhuis*, 211 F.3d at 1343. Accordingly, Claim 2 is procedurally barred. And similar to Claim 1, to the extent that Claim 2 could be seen as separate from the issue decided on direct appeal, Movant has not shown that counsel was ineffective because counsel did not act deficiently for failing to make a futile motion: the Court already decided that the evidence could be admissible, and the Eleventh Circuit affirmed this decision. *Miller*, 775 F. App'x 978. Counsel did not act deficiently and consequently was not ineffective. *See Khan*, 928 F.3d at 1272; *Pinkney*, 876 F.3d at 1297. Accordingly, Movant is not entitled to relief as to this claim.

C.     *Claim 3*

In Claim 3, Movant argues that he received ineffective assistance of trial counsel when counsel failed to present evidence related to the confidential informant's work with the DEA, in support of Movant's entrapment defense. (Doc. 373 at 14–15.)

Movant has not shown that counsel was ineffective. The Eleventh Circuit noted that the decision not to present an entrapment defense was a tactical

decision: "Miller's decision not to present a defense at trial based on the information in the investigation documents appears to have been a strategic choice to avoid further unfavorable evidence by the government." *Miller*, 775 F. App'x 978. As discussed thoroughly above, pursuing an entrapment defense carried the risk of opening the door to the Government's introducing evidence from the confidential informant regarding Movant's drug activities.[1] Counsel's decision not to pursue an entrapment defense constitutes a quintessential tactical decision that is not subject to second guessing. *See Khan*, 928 F.3d at 1272; *see also Strickland*, 466 U.S. at 690 (explaining that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable"). Ultimately, "counsel will not be deemed unconstitutionally deficient because of tactical decisions." *Michael v. Crosby*, 430 F.3d 1310, 1320 (11th

---

[1] In any event, besides the risk of opening the door to unfavorable evidence, there is reason to believe that Movant's entrapment defense would not have been successful from the start: the Court stated that the DEA investigation into the supervisor and the informant showed that the informant did not start working for the DEA until after Movant was arrested. (Doc. 258 at 2.) In addition, the Court found it temporally "implausible" that the DEA orchestrated the drug transaction for which Movant was charged, based on when the DEA became aware of the transaction. (*Id.*) The Court remained skeptical at the pretrial conference despite Movant's protestations to the contrary. (*See, e.g.*, Doc. 331 at 27 ("I may have missed something. But everything I looked at said that [the informant] didn't set up this particular deal.").) As a result, any evidence relating to the informant's work with the DEA would likely have been irrelevant and inadmissible, and there would have been a strong likelihood that the Court would not have given a jury charge on entrapment given the lack of evidence justifying such an instruction.

9

Cir. 2005) (brackets and internal quotation marks omitted). Here, in making a sound tactical decision, counsel did not act deficiently and consequently was not ineffective. *See Khan*, 928 F.3d at 1272. Accordingly, Movant is not entitled to relief on this claim.

>   *D.*   *Claim 4*

In Claim 4, Movant argues that the confluence of events involving a DEA informant and the suppression of details related to the informant's activities rendered Movant unable to present a full defense to the charges, which rendered his trial fundamentally unfair and violated Movant's due process rights. (Doc. 373 at 15–17.)

As with Claims 1 and 2, however, this claim is procedurally barred because Movant already raised the issues underlying it on direct appeal. In his appellate brief, Movant argued in Ground 2 that "the district court erred by applying the incorrect standard to determine whether evidence [relating to the informant's involvement with the DEA] should be disclosed to Mr. Miller, which in turn prevented Mr. Miller from exercising his constitutional right to present a full defense." (Doc. 365-1 at 54–55.) He also contended in Ground 3 on direct appeal that "the district court's decision to allow the government to renege on its promise to self-suppress the evidence without giving Mr. Miller the opportunity to litigate the motions that he filed as to that evidence violated . . . his right to present a

defense at trial, his due process rights, and notions of fundamental fairness." (*Id.* at 58.) However, the Eleventh Circuit ruled that "Miller's right to present a complete defense was not violated because Miller had access to all of the sealed documents and was not prohibited from making a defense based on the information contained in those documents." *Miller*, 775 F. App'x 978. And as noted above, the Eleventh Circuit observed that the decision not to present an entrapment defense relating to the informant's involvement with the DEA rested not on any error by this Court in preventing Movant from pursuing such a defense, but on "a strategic choice" by counsel "to avoid further unfavorable evidence by the government." *Id.* Once again, having lost on direct appeal, Movant may not relitigate his claim that he was denied the ability to present a full defense. *See Stoufflet*, 757 F.3d at 1239; *Nyhuis*, 211 F.3d at 1343. Accordingly, Claim 4 is procedurally barred, and Movant is not entitled to relief on this claim.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a

11

constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

It is **RECOMMENDED** that a certificate of appealability be **DENIED** because resolution of the issues presented is not debatable. If the District Judge adopts this recommendation and denies a certificate of appealability, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

**IV.   CONCLUSION**

For the reasons stated above, it is **ORDERED** that Movant's motion to file his amended memorandum under seal (Doc. 374) be **GRANTED**, and it is **RECOMMENDED** that the instant motion to vacate (Doc. 359) be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO ORDERED AND RECOMMENDED**, this 2nd day of February, 2024.

_R. Cannon_
REGINA D. CANNON
UNITED STATES MAGISTRATE JUDGE