# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **MARLON R. MILLER,** | **CRIMINAL ACTION FILE** |
| Movant, | No. 1:13-CR-0130-SCJ-3 |
| v. | |
| **UNITED STATES OF AMERICA,** | **CIVIL ACTION FILE** |
| Respondent. | No. 1:21-CV-1307-SCJ |

## ORDER

This matter is before the Court for consideration of the Order and Final Report and Recommendation (R&R), Doc. No. [390], in which the Magistrate Judge recommends that the pending 28 U.S.C. § 2255 motion to vacate, Doc. No. [359], be denied. Movant Marlon R. Miller has filed his objections to the R&R. Doc. No. [392]. In addition, Movant has filed a motion for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), Doc. No. [380], to which the Government has responded, Doc. No. [385]. Having reviewed the record with respect to both of Movant's motions, this Court concludes that they must be **DENIED**.

**I. Movant's § 2255 Motion**

    **A. Background**

On January 14, 2016, Movant Marlon R. Miller, who is currently incarcerated at the Yazoo City-Low Federal Correctional Institution in Yazoo City, Mississippi, was convicted after a jury trial in this Court of three counts related to his participation in a heroin trafficking conspiracy.  Doc. No. [278].  This Court sentenced him to a total of 240 months of incarceration.  Doc. No. [301].  The Eleventh Circuit affirmed his conviction and sentence.  United States v. Miller, 775 F. App'x. 974 (11th Cir. 2019).

Movant, who is represented by counsel, then filed a § 2255 motion.  After obtaining a response from the Government as well as further briefing by the parties, the Magistrate Judge reviewed the record and determined that Movant is not entitled to relief.  Specifically, the Magistrate Judge determined (1) that Movant's Ground 1 and Ground 2 claims of ineffective assistance of counsel and his Ground 4 claim related to the suppression of evidence are foreclosed by the Eleventh Circuit's rulings on appeal, and (2) that Movant failed to establish his Ground 3 claim of ineffective assistance of counsel.

    **B. Legal Standard**

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations.  United States v. Raddatz, 447 U.S.

667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a de novo basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

**C. Discussion**

In his objections, Movant first argues that the Magistrate Judge erred in concluding that Movant cannot pursue relief for his Ground 1 and 2 claims of ineffective assistance because the Eleventh Circuit rejected those claims on appeal. To a slight degree, Movant is correct. Movant's Grounds 1 and 2 assert that trial counsel was ineffective for failing to seek suppression of evidence seized from a residence that was purportedly connected to Movant.[1] The Eleventh Circuit ruled on the underlying

---

[1] This Court adopts the Magistrate Judge's discussion regarding the standard for evaluating claims of ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984), Doc. No. [390] at 3-4, to which Movant has not objected.

3

question of the admissibility of the evidence, <u>Miller</u>, 775 F. App'x at 978, but did not consider the issue of ineffective assistance of counsel.[2]

Movant does not, however, object to (or even address) the Magistrate Judge's alternative determinations that (1) with respect to Ground 1, "counsel would not have been ineffective for failing to seek a suppression hearing," Doc. No. [390] at 6, and (2) with respect to Ground 2, "Movant has not shown that counsel was ineffective because counsel did not act deficiently for failing to make a futile motion: the Court already decided that the evidence could be admissible, and the Eleventh Circuit affirmed this decision," *id.* at 8. In the absence of objections, this Court concludes that the Magistrate Judge did not clearly err in determining that Movant failed to demonstrate that his trial counsel had been ineffective. Moreover, the record shows that the evidence that Movant is complaining about was never referred to during the trial, and the only possibility for its admission would be if Movant had raised an entrapment defense. *See* Doc. No. [330] at 48-53. "To prove entrapment, the defendant must establish two elements: (1) the government induced the crime, and (2) the defendant was not

---

[2] The evidence at issue was illicit drugs and weapons found at a stash house associated with Movant. Law enforcement officials learned of the house from a confidential informant. Because there was a potential that evidence associated with the confidential informant was tainted by official misconduct, the Government assured this Court that it would not introduce the evidence when Movant's counsel sought to exclude it, and this Court determined that Movant's motion to suppress the evidence was thus moot.

4

predisposed to commit it." United States v. Goddard, 828 F. App'x 515, 517 (11th Cir. 2020) (citation omitted). Clearly, evidence that Movant maintained a stash house containing drugs and guns, see supra n.2, would be admissible to refute his contention that he was not predisposed to commit a drug trafficking crime. As a result, Movant simply has no valid argument regarding his trial counsel's failure to obtain a ruling that the evidence was inadmissible. This Court thus agrees that Movant is not entitled to relief with respect to his Grounds 1 and 2.

In his Ground 3, Movant contends that his trial counsel was ineffective in failing to present evidence related to the confidential informant's work with the Federal Drug Enforcement Agency (DEA) in support of Movant's entrapment defense. The Magistrate Judge determined that trial counsel's decision not to pursue an entrapment defense was clearly a strategic decision for which counsel cannot be faulted. In his objections, Movant contends that the Magistrate Judge misconstrued his claim which was "that trial counsel failed to present critical evidence in support of Miller's defense. In other words, the claim raised in this proceeding is that trial counsel should have presented evidence that would have been supportive of the defense raised at trial." Doc. No. [392] at 2. Movant's argument, however, raises a distinction without a difference because trial counsel's decision about which evidence to present is also clearly strategic. Moreover, Movant (again) entirely fails to mention the Magistrate

5

Judge's alternative holding that the entrapment evidence is entirely unconvincing based on the timing of the confidential informant's work with the DEA. Doc. No. [390] at 9 n.1.  As an additional note, the Court points out that Movant has not shown in these § 2255 proceedings that the evidence that he now says trial counsel should have presented is reliable or would have had a reasonable probability of convincing the jury.  In other words, Movant cannot demonstrate prejudice under Strickland, and his Ground 3 fails.

Finally, Movant objects that the Magistrate Judge did not address his request for discovery or a hearing.  An evidentiary hearing must be held on a motion to vacate "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  A movant is entitled to an evidentiary hearing if the § 2255 motion alleges specific facts that, if true, would warrant relief.  Aron v. United States, 291 F.3d 708, 714-15 (11th Cir. 2002).  However, a district court is not required to hold an evidentiary hearing if the movant's allegations are based upon unsupported generalizations or are affirmatively contradicted by the record.  Winthrop–Redin v. United States, 767 F.3d 1210, 1216 (11th Cir. 2014).

A § 2255 movant is not entitled to discovery as a matter of course.  Bowers v. U.S. Parole Comm'n, 760 F.3d 1177, 1183 (11th Cir. 2014).  However, the district court

6

retains discretion to grant discovery upon a showing of good cause. Id. A movant may demonstrate good cause by making specific allegations that "show reason to believe that the movant may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." Id. Good cause for discovery cannot arise from mere speculation, however. Arthur v. Allen, 459 F.3d 1310 (11th Cir. 2006). Having reviewed the record, this Court now finds that Movant has not shown that he would be able to establish that he is entitled to relief through a hearing or discovery as the record squarely demonstrates that his claims are unavailing.

**II. Motion for a Sentence Reduction 18 U.S.C. § 3582(c)(1)(A)**

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a federal prisoner to seek compassionate release or a sentence reduction with the court of conviction based on "extraordinary and compelling reasons," which are "consistent with applicable policy statements issued by the [United States] Sentencing Commission." As noted by the Government, § 3582(c)(1)(A) requires that, before a prisoner may seek such relief in court, he must first fully exhaust his administrative remedies. The Federal Bureau of Prisons has adopted regulations that provide the method of exhausting compassionate release requests. 28 C.F.R. § 571.60-.64. The inmate must first submit a request to the warden of his institution. Id. § 571.61(a). When the

warden denies such a request, the inmate must pursue an administrative appeal. Id. § 571.63(a).

In his motion, Movant seeks relief because the COVID-19 pandemic has increased the severity of his confinement such that the purposes of his sentence will be met even with a reduction. Doc. No. [380] at 1-2. Movant did submit a request for a sentence reduction with the warden of his institution, but that request concerned the fact that his mother was suffering from cancer, and he needed to care for her. Doc. No. [385-1]. The warden denied the request, and Movant did not seek an administrative appeal. Doc. No. [385-2]. Movant has not sought an administrative remedy related to his COVID-19 concerns. Accordingly, it is clear that he has not exhausted administrative remedies related his compassionate release motion as mandated under § 3582(c)(1)(A). In a reply brief, Movant hints at the fact that further attempts at pursuing administrative relief would be futile. Doc. No. [386] at 1. However, even if this Court were to recognize a futility exception to the exhaustion requirement, see Sundar v. I.N.S., 328 F.3d 1320, 1326 (11th Cir. 2003) ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.") (citation omitted) abrogated on other grounds by Santos-Zacaria v. Garland, 598 U.S. 411, 413 (2023), Movant has not alleged the type

of extraordinary circumstances to justify waiver of the exhaustion requirement. See generally United States v. Milner, 461 F. Supp. 3d 1328, 1332 (M.D. Ga. 2020).

Finally, even ignoring the exhaustion requirement, Movant has not shown an extraordinary and compelling reason warranting compassionate release. The risks of COVID-19 infection as well as the restrictions imposed as a result of the pandemic are now greatly reduced such that this Court does not agree that the measure of Movant's punishment is currently being increased thereby. In summary, the Court concludes that Movant is not entitled to compassionate release under § 3582(c)(1)(A).

### III. Conclusion

For the reasons stated, this Court hereby **ADOPTS** the R&R, Doc. No. [390], as supplemented herein, and the pending 28 U.S.C. § 2255 motion to vacate, Doc. No. [359], is **DENIED**. The Clerk is **DIRECTED** to close Civil Action Number 1:21-CV-1307-SCJ.

Additionally, this Court concludes that Movant has not shown that he is entitled to relief under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), and his motion for compassionate release, Doc. No. [380], is **DENIED**. However, to the extent that Defendant has attempted to assert application of Amendment 821 of the Sentencing Guidelines in his reply brief (Doc. No. [386]), the review process of Administrative Order No. 23-07 (Second Amendment) (Doc. No. [389]) shall govern that assertion and

the Clerk shall terminate the pending motion for compassionate release at Doc. No. [380].

**IT IS SO ORDERED** this 23rd day of February, 2024.

*[signature: Steve C. Jones]*

_____
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**